## CABANILLAS, PETITIONER AND APPELLEE, v. TORRENTS, CONTESTANT AND APPELLANT.

### APPEAL from the District Court of Mayagüez in Administration Proceedings.

No. 2807.—Decided June 12, 1923.

ADMINISTRATION—INHERITANCE.—Sections 23, 24 and 25 of the Special Legal Proceedings Act show that although administration is *necessary* in the cases enumerated in section 25, it may be granted in the cases set forth in section 23 when petitioned for *ex parte*, with the exceptions stated in section 24. In other words, in the cases enumerated in section 25 there must always be an administration, while in the cases enumerated in section 23 it may be dispensed with if not petitioned for by any of the persons therein mentioned.

ID.—ID.—PARTITIONER.—The fact that when the heirs disagree in the manner described in section 1026 of the Civil Code a partitioner may be appointed, does not prevent the prior appointment of an administrator.

ID.—ID.—The fact that a designated heir states in his petition for administration that the administrator will have to bring the corresponding actions against the widow to recover certain sums of money received by her, to be included in the estate and divided, is not an obstacle to the appointment of an administrator.

The facts are stated in the opinion.

*Mr. J. Sabater* for the appellant.

*Mr. J. Alemañy Sosa* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Alejandro Cabanillas Colón died in the year 1917 without leaving any legitimate descendants of his two marriages and leaving a will wherein he instituted as his heirs his father, Eugenio Cabanillas Pérez, his acknowledged natural daughter, María Cabanillas, and his widow, María Teresa Torrents, in her usufructuary share, leaving also to the widow a one-half interest in a house. All of the heirs were of age. He appointed as executor of his estate a certain person who did not accept the appointment.

In the year 1922 the father, Eugenio Cabanillas Pérez, petitioned the court below to appoint an administrator of the estate of the deceased and the court granted the petition after hearing the parties. From that decision the widow, María Teresa Torrents, took the present appeal.

The appellant alleges in support of her appeal that that decision is erroneous because an administrator should not be appointed when all of the heirs are of age for the reason that, in accordance with section 25 of the Special Legal Proceedings Act, the only case in which an administrator should be appointed is when there are minors who are not represented by their father, mother or guardian, or when all or some of the heirs are absent and have no lawful representative, or when some person interested in the inheritance is incapacitated and has no lawful representative, citing the case of *Ex Parte Sotomayor*, 24 P. R. R. 172.

According to section 23 of the Special Legal Proceedings Act (section 1562 of the Compilation of the Revised Statutes), the executor of the last will of a decedent, or in case that none has been appointed, or if the decedent left no validly executed will, the surviving spouse of the decedent or any heirs at law or any person claiming as testamentary heir or legatee, or any unsecured creditor with written title, having a claim against the decedent, *may* apply for a judicial administration of the property of said decedent. Section 24 provides that administration shall not be decreed where a decedent shall have expressly prohibited by his will to the voluntary heirs a judicial administration of his estate and shall have appointed one or more persons, empowering such persons as executors to partition his estate, or where the creditors either have their credits secured or have received a bond from the debtors sufficient to secure their credits independently of the estate. And section 25 determines that the administration shall be necessary when all or one or more of the heirs are absent or have no legal representatives in the jurisdiction of the last place of residence of the decedent, or where the property is located, or when an heir or legatee is a minor or incapacitated and

is not represented by his father or mother or by a tutor who has given the bond required by law.

The appellant presents no other argument than that previously referred to, but we understand that she maintains that administration should be granted in those cases specified in section 25 and in no other case. However, the three sections that we have transcribed substantially show that although administration is *necessary* in the cases stated in section 25, it may be ordered in the cases mentioned in section 23 when it is voluntarily petitioned for, with the exception of the cases included in section 24. In other words, in the cases of section 25 there must always be administration, while in those of section 23 it may be dispensed with if none of the persons therein mentioned apply for it. The case of *Ex Parte Sotomayor, supra,* is not applicable to the present case, for what was held therein was that as the minors were represented by their father, administration was not necessary.

The appellant also contends that administration is not proper in this case because there is disagreement among the heirs as to the lawful character of the property left by the deceased, for which reason a partitioner should be appointed in accordance with section 1026 of the Civil Code and section 67 of the Special Legal Proceedings Act, citing the case of *Labarthe* v. *Neuman,* 23 P. R. R. 640.

It is true that there is disagreement among the heirs as to the lawful character of certain property acquired by the appellant during the wedlock, the testator saying that it was the separate property of his wife because she had acquired it with funds proceeding from her paternal inheritance and the appellee including it in his petition as community property subject to partition; but that disagreement is no reason for refusing to grant the administration, for the statute does not make it an exception to the right

of an heir to apply for administration. The case of *La-barthe v. Neuman, supra,* is not in point because there the application was for the appointment of a partitioner and not of an administrator and it was held that the appointment of the former was proper notwithstanding the disagreement among the heirs as to the lawful character of the property to be divided.

Section 1026 of the Civil Code, amended in 1906, provides that if the adult heirs should not agree as to the manner of making the division, they shall be free to enforce their rights in the manner prescribed in the law relating to special legal proceedings, approved March 9, 1905, that is, by applying for the appointment of a partitioner if the testator appointed none, in accordance with section 67 of the Act last cited; but these provisions have no bearing on this case, for the fact that in the case provided for in section 1026 a partitioner may be appointed does not preclude the previous appointment of an administrator.

The appellant finally alleges that the appellee's petition should have been denied because it is stated therein that the administrator will have to bring the corresponding actions against the widow to recover certain sums of money received by her to be included in the estate and divided, citing the case of *Ex Parte Vega,* 28 P. R. R. 361.

According to section 51 of the Special Legal Proceedings Act, it shall be the duty of the administrator to represent the decedent in all legal proceedings begun by or against him before his death, and in those which may be instituted afterwards by or against the estate; wherefore the statement made by the appellee in his petition is not an obstacle to the appointment of an administrator. And the *Vega Case, supra,* does not support the allegation of the appellant, for what we there held was that an administration could not be created without property to be administered and for the

sole purpose of litigation, for that is not the purpose or object for which administration has been instituted.

The order appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.